UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ANGELIQUE E. CORNELIUSEN,<br><br>               Plaintiff,<br><br>     v.<br><br>CAROLYN W COLVIN, Acting Commissioner of the Social Security Administration,<br><br>               Defendant. | CASE NO. 14-cv-05414 JRC<br><br>ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b) |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, ECF No. 5; Consent to Proceed Before a United States Magistrate Judge, ECF No. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 32). Defendant has no objection to plaintiff's request (*see* Dkt. 33).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. See 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

1  *Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first

2  to such agreement and will conduct an independent review to assure the reasonableness of the

3  fee requested, taking into consideration the character of the representation and results achieved.

4  *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the

5  fee agreement is the primary means for determining the fee, the Court will adjust the fee

6  downward if substandard representation was provided, if the attorney caused excessive delay, or

7  if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151

8  (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

9       Here, the representation was standard, at least, and the results achieved excellent (*see*

10  Dkt. 32, Attachment 3). *See Grisbrecht, supra*, 535 U.S. at 808. After plaintiff filed the opening

11  brief, defendant stipulated to remand this matter to the Administration (Dkts. 25, 26).  Following

12  remand and a second hearing, an Administrative Law Judge awarded benefits to plaintiff (*see*

13  Dkt. 32, Attachments 1, 3).  There has not been excessive delay and no windfall will result from

14  the requested fee.

15       Plaintiff's total back payment was $79,760.00 (*see id.*, Attachment 1) and the Social

16  Security Administration has withheld $19,940.00 from the past due benefits (*see id.*¸ Attachment

17  3, p. 2).  Plaintiff has moved for a net attorney's fee of $13,401.94 (*see* Motion, Dkt. 32, p. 1),

18  and the Court has considered the gross attorney's fee of $19,940.00 and the EAJA award

19  received by plaintiff's attorney in the amount of $6,538.06 (*see* Dkts. 31, 32, Attachment 6). *See*

20  *Parish v. Comm'r. Soc. Sec. Admin.*, 698 F.3d 1215, 1221 (9th Cir. 2012).

21       Based on plaintiff's motion and supporting documents (*see* Dkt. 32, Attachments 1, 3, 4,

22  5, 6), and with no objection from defendant (Dkt. 33), it is hereby ORDERED that attorney's

23  fees in the amount of $13,401.94, minus any applicable processing fees as allowed by statute, be

24

1  awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).  After paying the attorney's fee,

2  Social Security shall release all remaining funds directly to plaintiff.

3        Dated this 29th day of September, 2016.

                                                  J. Richard Creatura
                                                  United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3